MARTHA J. SIMON (CBN 98251)
LAW OFFICE OF MARTHA J. SIMON
100 Pine St., Suite 1250
San Francisco, California 94111
(415) 434.1888 Telephone
(415) 434.1880 Facsimile
mjs@mjsimonlaw.com

Attorney for Defendant Yeva, Inc. dba
Saxe Mortgage Company

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RENE BARBOZA, an individual, and DAYSI O. ROMERO<br><br>              Plaintiffs,<br><br>v.<br><br>YEVA, INC., dba SAXE MORTGAGE COMPANY, a corporation, CNA EQUITY GROUP, INC., a corporation, HOME SWEET HOME REALTY AND FUNDING, a corporation and DOES 1-100, inclusive,<br>              Defendants | Case No. 3:24-cv-8567 LB<br><br>Notice of Motion; and<br>Points and Authorities in Support<br>of Saxe Mortgage Company's Motion<br>to Dismiss Complaint for Damages<br>and Equitable Relief<br><br>(FRCP 12(b)(6))<br><br>Magistrate Judge Laura Beeler<br>Date:  February 6, 2024<br>Place:  450 Golden Gate Avenue<br>          15th Floor, Courtroom B<br>Time:  9:30 a.m. |

      PLEASE TAKE NOTICE that on FEBRUARY 6, 2024 at 9:30 AM or as soon as the matter may be heard before the HONORABLE MAGISTRATE JUDGE LAURA BEELER, 450 GOLDEN GATE AVENUE, SAN FRANCISCO CA, 15TH FLOOR, COURTROOM B, Defendant Yeva, Inc., dba Saxe Mortgage Company ("Saxe") shall move this Court to dismiss the Complaint for Damages and Equitable Relief ("Complaint") filed by Jose Rene Barboza and Daysi O. Romero ("Plaintiffs"). The basis for the Motion to Dismissal is that this Court lacks jurisdiction to hear the action, and that Plaintiffs fail to state a valid cause of action against Defendant Saxe.

Saxe's Motion is supported by the following Points and Authorities and the Request for Judicial Notice filed and served herewith.

**FACTUAL BACKGROUND**

1. Saxe is the servicer of a Note in the original principal amount of $1,962,000, secured by a Deed of Trust recorded on or about January 12, 2021, against Plaintiff Romero's ("Romero") real property at 77 Benton Avenue, San Francisco CA 94112 ("the Property"). Pursuant to the terms of the Note, Romero was to make monthly payments of $16,758.75 each, beginning March 1, 2021, and continuing until the February 1, 2024 maturity date, at which time the amount of $1,978,758.75 was due and payable. Prior to obtaining the loan, Romero had refinanced twice with Saxe. In each case, she received funds from Saxe upon the close of escrow (*See* Complaint, ¶15-25; Note and Deed of Trust, Exh. A and B to Request for Notice ("RJN") filed herewith).

2. The Deed of Trust included Romero's signed Non-Occupancy Rider stating that the Property was not her principal residence and she had no intention to occupy it as such. (*See* Deed of Trust, Exh. B to RJN).

3. In view of Romero's failure to pay amounts due, Saxe recorded a Notice of Default on or about October 13, 2022, and recorded a Notice of Trustee's Sale on or about January 20, 2023, which were subsequently rescinded. (*See* Complaint ¶26, 27, 32).

4. Due to continuing non-payment, a second Notice of Default was recorded on or about October 6, 2023, and a Notice of Trustee's Sale was recorded on or about January 25, 2024. (*See* Complaint ¶34-36).

5. On November 28, 2023, Plaintiffs Barboza and Romero filed Case No. CGC23610638, in the Superior Court for the County of San Francisco against Saxe, CNA Equity Group, Inc., and Home Sweet Home Realty and Funding. (*See* State Court Complaint, Exh. C to RJN).

6. On April 5, 2024, Saxe removed Plaintiffs' Superior Court case to the United States Bankruptcy Court, in view of the then-pending Chapter 11 Case No. 23-41294 WJL filed by CNA Equity Group, Inc., a defendant in the State Court case and in the within action. Upon removal, Adversary Proceeding No. 224-04009 was initiated in CNA's bankruptcy and no further action was taken in the Superior Court.

7. On August 19, 2024, Judge William J. Lafferty, III, U.S. Bankruptcy Judge dismissed the adversary proceeding, without remand. (*See Dismissal Order,* Exh. D to RJN).

8. The Superior Court case has not been closed or withdrawn. The last entry on the Docket on April 5, 2024, indicates that the Case Management Conference was off calendar due to the removal to the Bankruptcy Court. (*See* Exh. E to RJN).

9. On or about September 9, 2024, Saxe recorded a new Notice of Trustee's sale of Romero's Property and set a sale date of October 8, 2024. (*See* Complaint ¶36).

10. That sale was postponed, when Romero filed her Chapter 13 Bankruptcy Case #24-30752 on October 7, 2024 in the Northern District of California, San Francisco Division. (*See* Exh. F to RJN).

11. Plaintiffs contend that Romero faces "loss of her home on December 3, 2024". (*See* Complaint ¶38). This was impossible due to the automatic stay imposed by the filing of her own bankruptcy case on October 7, 2024.

12. Now, Plaintiffs' omissions before the Federal District Court, of the Superior Court case, the removal to the Bankruptcy Court, the dismissal of the case in the Bankruptcy Court, and Romero's pending bankruptcy case, are conspicuous by their absence.

13. As set forth below, there is no justification for this Court to exercise jurisdiction over Plaintiffs' Complaint and the Complaint should be dismissed in its entirety.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## This Court Lacks Jurisdiction to Hear Plaintiffs' Complaint

Plaintiffs mistakenly allege that this Court can exercise federal question jurisdiction in this action, pursuant to 28 U.S.C. §1331. (*See* Complaint ¶8). In fact, that is not the case.

Plaintiffs filed a complaint in the State Court on November 28, 2023, based on the same underlying facts alleged in the present case. The Superior Court Case No. CGC23610638 was removed to the Bankruptcy Court on April 5, 2024 and dismissed on August 19, 2024. Now, Plaintiffs seek to renew their claims in a third forum.

As Plaintiffs' Superior Court action was dismissed by the Bankruptcy Court, it cannot now be relitigated. Alternatively, if the Superior Court case is still pending (as it is not "closed" on the Docket), this Court should abstain from hearing this case. Under either scenario, this Court lacks the authority or jurisdiction to decide the present action.

To the extent that Plaintiffs' assertion of federal jurisdiction lies with their Cause of Action for alleged violations of the Federal Debt Collections Practices Act, there is no basis for this Court exercising jurisdiction. As further set forth below, Saxe is a lender, and not subject to the FDCPA.

Additionally, as there are no plausible facts alleged that support an exercise of federal jurisdiction, this Court should abstain from exercising jurisdiction in the matter.

## Plaintiffs Fail to State a Legal Claim for Relief

Even construing the Complaint in the light most favorable to Plaintiffs, the Complaint does not contain sufficient facts to state a legal claim for relief that is plausible on its face. FRCP 12(b)(6). The Complaint lacks any specific factual allegation necessary to establish Saxe's liability.

When considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. A court need not accept as true unwarranted inferences, unreasonable
Barboza and Romero v. Yeva, Inc. dba Saxe Mortgage Company, et al.    4    Case No. 3:24-cv-8567
Saxe Mortgage Company's Motion to Dismiss

conclusions, or arguments. *Giarratano,* 521F.3d at 302; *See Iqbal,* 556 U.S. at 677–79, 129 S.Ct. 1937. Here, this is all we see.

In making its determination on a FRCP 12(b)(6) motion, a court may consider the complaint, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. Saxe has provided a Request for Judicial Notice of those documents which clarify the record.

Plaintiffs allege agency among defendants, but fail to set forth any specifics. (*See* Complaint ¶12). Allegations necessary to establish theories of third-party liability for fraudulent conduct, including agency, must be specifically pled, which Plaintiffs have not done.

First Cause of Action:
Violation of Fair Debt Collection Practices Act (Against Defendant Yeva [Saxe])

**Plaintiffs Fail to State a Cause of Action Under FDCPA**

Plaintiffs allege that Saxe violated the Fair Debt Collections Practices Act (FDCPA), yet as a lender, Saxe is not a "debt collector" and therefore is not subject to the Act.

Pursuant to 15 U.S.C. §1692a(6), a Debt Collector is any person who uses any instrumentality of interstate commerce or the mails in any business, *the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.* That is not the situation here. Saxe is a lender, seeking to collect amounts owing pursuant to Plaintiffs' recorded obligations to the lender. Saxe's principal purpose is making loans, not collecting debts owed *to another*.

Banks and related entities are not "debt collectors" within the meaning of the Fair Debt Collection Practices Act (FDCPA). *Obduskey v. McCarthy & Hothus LLP*, 139 S.Ct. 1029 (2019). Furthermore, a loan owner is not a debt collector when collecting its own debt because it is not collecting a debt owed or due *to another. Henson v. Santander Consumer U.S.A, Inc.* (2017) 137 S.Ct. 1718.

Saxe, a lender collecting its own debts, is not subject to the Fair Debt Collections Practices Act.

Additionally, the First Cause of Action must be dismissed since FDCPA only applies to "consumers," meaning it solely protects individuals who owe debts primarily for personal, family, or household purposes. Romero signed a Non-Occupancy Rider to her Deeds of Trust, stating that the Property was not her principal residence. (*See* Exh. B to RJN). The Property was considered investment property and therefore not subject to FDCPA.

Since the FDCPA is not applicable to Saxe nor to Plaintiffs, the First Cause of Action must be dismissed. As such, there is no basis for federal jurisdiction.

Second Cause of Action
Fraudulent Inducement to Contract (Against all Defendants)

**Plaintiffs are Bound by Signed Loan Documents**

Broker/Defendant CNA Equity Inc. originally brought Plaintiff Romero to Saxe, which agreed to make a loan on her property, for the amount of $1,032,000. Romero received $149,665.52 in cash upon the close of escrow. (*See* Complaint ¶¶14-17).

When the first loan was coming due and unpaid, Saxe agreed to refinance the loan, at Romero's request. Romero signed new loan documents setting forth the terms of the new loan, upon each refinance. (*See* Complaint ¶¶18-25).

The Complaint provides no plausible allegations as to any fraudulent inducement by Saxe, to enter into the contracts which Romero sought. Plaintiffs signed loan documents, setting forth their obligations to the lender.

The Second Cause of Action should be dismissed.

Third Cause of Action
Fraud (Against Defendant Yeva [Saxe])

**There Is No Showing of Fraud by Saxe**

To the extent that Plaintiffs' claims rely on fraudulent representations or conduct by Saxe, the lender, Plaintiffs have failed to specify what those were. Plaintiffs have not satisfied the pleading requirements of Fed.R.Civ.P. 9(b). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). None of that is present in the instant case.

The allegations must raise more than a "sheer possibility" that the defendant acted unlawfully. When the complaint pleads facts that are "merely consistent" with liability, it fails to meet the FRCP 12(b)(6)'s "plausibility" requirement. Such is the case here.

As Plaintiffs were provided with, and signed loan documents for each of the loans that they requested, the Third Cause of Action must be dismissed.

<u>Fourth Cause of Action</u>
<u>Violation of Business and Professions Code §17200, et seq.</u>
<u>(Against All Defendants)</u>

**<u>Plaintiff's Claim Under Business and Professions Code §17200, et seq. Must be Dismissed</u>**

Plaintiffs fail to state a valid cause of action under Business and Professions Code §17200, et seq. Broad allegations are insufficient to support a claim, and Plaintiffs have nothing more.

Plaintiffs contend that Saxe's alleged violation of the FDCPA violated Business and Professions §17200. (*See* Complaint ¶67). However, as Saxe is not subject to the FDCPA, that cannot be a basis for violation of the California statute.

Additionally, in the case of such claims, the statute of limitations is four years. To the extent that Plaintiffs are alleging issues beyond the four-year statute, such claims must be dismissed. Plaintiffs' allegations regarding "Loan 1" which Romero took out in October 2017 (*See* Complaint ¶¶15-18) are beyond the applicable statute of limitations.

This Fourth Cause of Action must be dismissed.

**Plaintiff Barboza Lacks Standing and Must be Dismissed from the Action**

Plaintiffs Barboza and Romero are co-owners of commercial property at 3825-3829 Mission St., San Francisco CA 94110. They took out a loan on that property to pay amounts due on Romero's Property, resulting in a rescission of the Notice of Default and Notice of Trustee's Sale, on or about February 17, 2023. (*See* Complaint ¶¶29-32).

Plaintiff Jose Barboza lacks standing, as he is unable to show any harm from the matter that is the subject of the lawsuit. He cannot prove a distinct injury alleged to have resulted from a law or action. Barboza has no capacity to sue, and this Court cannot assert jurisdiction over him. FRCP 9(1)(a).

**CONCLUSION**

In view of the foregoing, Yeva, Inc., dba Saxe Mortgage Company respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint in its entirety.

Dated: December 26, 2024         LAW OFFICE OF MARTHA J. SIMON

/s/ Martha J. Simon
Martha J. Simon
Attorney for Defendant Yeva Inc.,
dba Saxe Mortgage Company